STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

June 1, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM J. BLANCHARD,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0707** (BOR Appeal No. 2049035 & 2049187)
(Claim No. 2009056808)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William J. Blanchard, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 1, 2014,[1] in which the Board affirmed a January 17, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 30, 2013, decision which denied reopening the claim for permanent partial disability because post-traumatic stress disorder is not currently a compensable condition in the claim and further remanded the claim to the claims administrator for a determination on Mr. Blanchard's request of July 30, 2013, to add post-traumatic stress disorder as a compensable condition. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] Mr. Blanchard is not appealing Board of Review Appeal Number 2049035 that denied his request for treatment at the University Health Associates Pain Clinic.

1

Mr. Blanchard worked as an underground coal miner for Consolidation Coal Company. On August 13, 2008, Mr. Blanchard suffered a crushing injury when pinned between mining equipment and a solid coal rib. The claim was held compensable for fracture of ribs, sternum, larynx, and trachea; closed pelvic organ injury not otherwise specified; crushing injury of hip; and lumbosacral sprain. Joseph E. Grady II, M.D., opined that Mr. Blanchard has 5% whole person impairment for the lower back and 0% impairment for the other conditions. When Mr. Blanchard initially petitioned for a permanent partial disability award, he received a 5% permanent partial disability award on July 9, 2012. Mr. Blanchard filed an application on July 27, 2013, requesting his claim be reopened for permanent partial disability based on his diagnosis of post-traumatic stress disorder. On the application, David Lynch, M.D., found Mr. Blanchard needed a psychiatric evaluation for post-traumatic stress disorder and opined that he had suffered an aggravation or progression since being released to resume employment or being certified as having reached maximum medical improvement. The claims administrator denied reopening the claim for permanent partial disability because post-traumatic stress disorder is not a compensable condition in the claim.

The Office of Judges affirmed the claims administrator's July 30, 2013, decision denying reopening of the claim for permanent partial disability and further remanded the claim to the claims administrator to address Mr. Blanchard's July 30, 2013, request to add post-traumatic stress disorder as a compensable condition. The Board of Review affirmed the January 17, 2014, Order of the Office of Judges. On appeal, Mr. Blanchard disagrees and asserts that his claim should be reopened for consideration of an additional permanent partial disability award based upon the new facts that he has post-traumatic stress disorder and that he has suffered an aggravation or a progression of his work injury. Consolidation Coal Company maintains that the Board of Review properly denied reopening the claim for consideration of an additional permanent partial disability award because Mr. Blanchard is clearly seeking benefits for a medical condition that has never been determined to be a compensable condition.

The Office of Judges found the request for reopening was denied because post-traumatic stress disorder is not currently a compensable condition of the claim. The Claim Reopening Application stated that the request for reopening and the alleged aggravation or progression are based upon a diagnosis of post-traumatic stress disorder. The Office of Judges concluded that since post-traumatic stress disorder has not yet been ruled to be a compensable condition, the claims administrator was not in error in denying the request for reopening on a permanent partial disability basis.

Futhermore, the Office of Judges found that the record shows Mr. Blanchard requested post-traumatic stress disorder be added as a compensable condition of the claim on July 30, 2013, and that the record contains no claims administrator decision addressing this request. The Office of Judges remanded the claim to the claims administrator to issue a decision either denying or adding post-traumatic stress disorder as a compensable condition if no decision has already addressed this issue regarding the July 30, 2013, request. The Board of Review agreed with the findings and conclusions of the Office of Judges. This Court agrees with the conclusions of the Board of Review. Without post-traumatic stress disorder currently being a compensable condition, the claim cannot be reopened for permanent partial disability on the basis of a

2

diagnosis of post-traumatic stress disorder.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II